IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

HOUSTON CLAY HAMILTON                                                              PETITIONER

VS.                                       NO. 3:16-CV-290-JM-BD

LARRY MILLS                                                                         RESPONDENT

## ORDER

Petitioner Houston Clay Hamilton has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254.  (Docket entry #1)  There are several problems with this filing.  First, Mr. Hamilton has not filed a motion to proceed *in forma pauperis* or paid the filing fee.  If he wishes to pursue this case, Mr. Hamilton must file a request to proceed *in forma pauperis*, along with a certificate that complies with the requirements in 28 U.S.C. § 1915(a)(2), or pay the $5.00 filing fee.

Second, it appears that Mr. Hamilton's current petition fails to state a basis for habeas relief.  As grounds for relief, Mr. Hamilton alleges that he does not have a case number, his $10,000 bond is "extremely high," and he was assaulted by a deputy.  (#1)  For relief, Mr. Hamilton asks the Court to "follow up on [his] lawsuit, provide an "Own Recognizance" bond, and have his criminal case dismissed.  None of the allegations challenge a conviction or sentence.  Mr. Hamilton's only plausible claim concerning his custody is his excessive bail claim.

Federal district courts can entertain pretrial habeas petitions when a petitioner's state custody violates the Constitution or laws of the United States.  *Palmer v. Clarke*,

961 F.2d 771, 774 (8th Cir. 1992)(citations omitted); 28 U.S.C. § 2241(c)(3).  A state pretrial detainee must satisfy two requirements before review.  The petitioner must be in custody and must have exhausted all available state remedies.  *Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987)(unlike the statutory requirement in 28 U.S.C. § 2254, the exhaustion requirement in 28 U.S.C. § 2241(c)(3) was judicially crafted on federalism grounds).

It appears that Mr. Hamilton is in custody, but has not exhausted state remedies.  He apparently filed a grievance or request for administrative remedy with the Poinsett County Jail.  (#1, p. 2)  He admits, however, that he has not received a response and has not taken any other action to address his issues with the State.  (#1, pp. 2-4)  And even if Mr. Hamilton had exhausted state remedies, he has not stated an excessive bail claim.

The Supreme Court long ago recognized that "excessive" bail is a violation of the Eighth Amendment.  *Stack v. Boyle*, 72 S.Ct. 1, 3, 342 U.S. 1, 5 (1951).  But there is no absolute right to bail, and Congress may define entire classes of cases in which bail can be denied.  *United States v. Stephens*, 594 F.3d 1033, 1039 (8th Cir. 2010).  Mr. Hamilton has not identified the basis of his custody, i.e., whether he is being held on a new criminal charge or revocation for a prior offense.  Likewise, he has not included his criminal history or any other factor relevant to bail.  If Mr. Hamilton wishes to pursue federal habeas relief, he must file an amended petition that provides facts to establish a plausible claim.

The Clerk of Court is directed to send Mr. Hamilton an application to proceed *in forma pauperis*, along with a copy of this order. He has thirty (30) days from the entry of this order to file an application to proceed *in forma pauperis* or pay the $5.00 filing fee. During that thirty day period, he may file an amended petition that remedies the deficiencies outlined in this order. Failure to comply with this order will result in dismissal of this action under Local Rule 5.5(c)(2) and the Federal Rules of Civil Procedure.

DATED this 24th day of October, 2016.

_____
UNITED STATES MAGISTRATE JUDGE