**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**HOUSTON CLAY HAMILTON**                                                      **PETITIONER**

VS.                          **NO. 3:16-CV-290-JM-BD**

**LARRY MILLS**                                                                 **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.**     **Procedures for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge James M. Moody Jr. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection. Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.**     **Discussion**

On October 19, 2016, petitioner Houston Clay Hamilton filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Docket entry #1) In his petition, Mr. Hamilton alleged that he had been detained in the Poinsett County Jail since September 1, 2016. He stated that he had appeared for a probable cause hearing, but his case had not

been assigned a number.  He also claimed that his bond was excessive.  In addition, he claimed that a deputy sheriff had assaulted him on June 10, 2016.  (#1)

In an order dated October 24, 2016, the Court noted several problems with Mr. Hamilton's petition. (#2)  First, he had not filed a motion to proceed *in forma pauperis* or paid the $5 filing fee.  Second, and more importantly, his petition failed to state a basis for federal habeas corpus relief.  (#2)

The Court gave Mr. Hamilton thirty days to address the filing fee requirement by filing an application to proceed *in forma pauperis* or by paying the $5.00 filing fee.  The Court also gave Mr. Hamilton an opportunity to file an amended petition within the same thirty day period.  The Court cautioned Mr. Hamilton that failure to comply with the order would result in dismissal of this action under Local Rule 5.5(c)(2) and the Federal Rules of Civil Procedure.  (#2)

Mr. Hamilton has filed two notices since the October 24 Order.  (#3 and #4)  One notice appears to moot his claims.  He is now in the Arkansas Department of Correction, so it appears neither excessive bail nor lack of a case number is the reason for his current detention.

Neither of Mr. Hamilton's filings addressed the deficiencies in his petition as set out in the October 24 Order.  To date, Mr. Hamilton has not filed an application to proceed *in forma pauperis* or paid the $5.00 filing fee.

Due to the stringent federal habeas filing requirements, this Court is hesitant to recommend dismissal of a habeas corpus petition based solely on failing to comply with local rules. In this case, however, it appears that Mr. Hamilton's petition is moot, in any event. Given these facts, Judge Moody should dismiss Mr. Hamilton's petition, without prejudice, under Local Rule 5.5(c)(2).

### III.  Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Hamilton has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Hamilton has not provided a basis for issuing a certificate of appealability.

### IV.  Conclusion

For the reasons set forth above, the Court recommends that Mr. Hamilton's petition be dismissed, without prejudice, under Local Rule 5.5(c)(2), for failure to pay the filing fee or file an application to proceed *in forma pauperis* and for failure to comply with the Court's October 24 Order. In addition, Judge Moody should decline to issue a certificate of appealability.

DATED this 27th day of January, 2017.

_____
UNITED STATES MAGISTRATE JUDGE